UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSAN WELSH,

    Plaintiff,

v.                              Case No. 8:18-cv-1227-T-33JSS

GENERAL AMERICAN LIFE INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

This cause is before the Court sua sponte. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) ("Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based.").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). And, "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a

case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

**Diversity Jurisdiction**

It is axiomatic that "for federal diversity jurisdiction to attach, all parties must be completely diverse and the amount in controversy must exceed $75,000." Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010). Here, the Complaint alleges: "This is a civil action between citizens of different states for breach of an insurance contract, for damages that exceed $75,000.00, over which this Court has jurisdiction under 28 U.S.C. Section 1332." (Doc. # 1 at ¶ 1). However, the Complaint provides an incomplete picture of the parties' citizenship. Specifically, the Complaint states that Plaintiff is a "resident" of Florida, rather than indicating that she is a citizen of Florida. (Id. at ¶ 2). As explained in Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011), a complaint must allege citizenship, not residence, to establish diversity for a natural person.

As for Defendant, the Complaint alleges, "General American is a foreign corporation, authorized to do business

and at all times material hereto was doing business in the State of Florida as an insurance company." (Id. at ¶ 3). These jurisdictional allegations are insufficient because a corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Without knowing Defendant's state of incorporation and principal place of business, the Court is unable to determine whether the requirements of complete diversity have been satisfied.

In addition, although the Complaint describes the Professional Occupational Disability Income Insurance Policy of a physician, the amount in controversy has not been stated with clarity in the Complaint. Count I of the Complaint seeks relief for breach of contract, and Count II alleges bad faith conduct. But, as stated in Symonette v. MGA Ins. Co., No. 12-cv-21428, 2012 WL 12943077 (S.D. Fla. Oct. 3, 2012), "a claim for bad faith . . . does not accrue until the underlying first-party action for insurance benefits against the insurer has been resolved in favor of the insured [and] a bad faith cause of action cannot exist absent a determination that the insurer is liable on the policy." Id. at *1. The manner in which Plaintiff describes her economic injuries does not provide the Court with much of an assurance that the

3

$75,000.00 jurisdictional threshold has been met. Although Plaintiff provides a lengthy discussion of her alleged disability and the claims process with Defendant, a closer look reveals that she has not provided any concrete information about the amounts she is seeking such that the Court can be confident that the jurisdictional amount is satisfied.

Accordingly, the Court directs Plaintiff to file an amended complaint containing appropriate jurisdictional allegations by **May 31, 2018**. Failure to do so will result in the entry of an Order dismissing this case for lack of jurisdiction. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013)("When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists. Those allegations, when federal jurisdiction is invoked based on diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. . . . Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff is directed to file an amended complaint containing appropriate jurisdictional allegations by **May 31, 2018.** Failure to do so will result in the entry of an Order dismissing this case for lack of jurisdiction.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of May, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE