```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION


SUSAN WELSH,
                                          8:18-cv-1227-T-33JSS
         Plaintiff,
v.

GENERAL AMERICAN LIFE INSURANCE
COMPANY,

         Defendant.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Defendant General American Life Insurance Company's Motion to Dismiss Count II of the First Amended Complaint, filed on July 23, 2018. (Doc. # 16). General American seeks dismissal of Count II pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6) for lack of subject-matter jurisdiction over unripe claims. Plaintiff Susan Welsh filed a Response in Opposition to the Motion on August 6, 2018. (Doc. # 24). For the reasons that follow, the Court grants the Motion and dismisses Count II without prejudice.

**I. Background**

In March of 1987, Welsh obtained a disability income policy from General American. (Doc. # 6 at ¶ 7). Welsh is a

chiropractor and used to have a private chiropractic practice. (Id. at ¶ 21). On April 29, 2012, due to cardiac issues, Welsh underwent mitral valve replacement surgery, which rendered her disabled and unable to maintain her private practice. (Id. at ¶¶ 17-21). After Welsh closed her private practice, she obtained a staff position as a chiropractic physician at the University of South Florida. (Id. at ¶ 22). Welsh received a salary that was less than fifty percent of her average salary earned in the five years prior to her disability in 2012. (Id.).

Welsh asserts that General American accepted liability and approved her claim of disability, and that she was subsequently paid disability benefits under the "Proportionate Income Replacement Rider" in the policy. (Id. at ¶ 13). However, on March 29, 2016, Welsh was informed by General American that her future disability benefits were being denied and that she was to return disability benefits erroneously paid to her from February 2, 2015, onward. (Doc. # 6 at ¶ 19).

On May 22, 2018, Welsh filed this action against General American. (Doc. # 1). Thereafter, on May 30, 2018, she filed an Amended Complaint to correct deficient jurisdictional allegations. (Doc. # 6). Count I alleges "breach of contract

by insurer/action to recover benefits under disability insurance policy." (Id. at 3). Court II asserts bad faith conduct. (Id. at 6). General American seeks dismissal of Count II. As explained below, the Court grants the Motion and dismisses Count II without prejudice.

## II. Legal Standard

### A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester

Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Rule 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. Eaton, 692 F.2d at 732.

**B.    Rule 12(b)(6)**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

But, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations

4

> must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## III. Analysis

In Count II, Welsh asserts a bad faith claim against General American. (Doc. # 6 at ¶ 33). A claim of bad faith may arise in instances where an insurer is alleged to have breached its contractual duty of good faith. Continental Cas. Co. v. City of Jacksonville, 550 F. Supp. 2d 1312, 1335 (M.D. Fla. 2007). Under Florida law, a claim for bad faith does not accrue until liability and damages in the underlying contract claim have been determined. See Blanchard v. State Farm Mut. Auto Ins. Co., 575 So.2d 1289, 1291 (Fla. 1991). "Before a policyholder may file a bad-faith lawsuit in which she alleges that her [insurer] failed to settle a meritorious claim in good faith, she must first establish that her claim was, indeed, meritorious." Bottini v. GEICO, 859 F.3d 987, 993

(11th Cir. 2017). Welsh does not dispute that the bad faith claim has been asserted prematurely and it is, in fact, not yet ripe. (Doc. # 24 at ¶ 1).

Therefore, the sole issue that this Court must address is whether the bad-faith claim should be abated or, rather, dismissed without prejudice. See Landmark Am. Ins. Co. v. Studio Imps., Ltd., Inc., 76 So.3d 963, 964-5 (Fla. 4th DCA 2011) ("The trial court can decide to either dismiss the bad faith claim without prejudice or abate the claim until the underlying breach of contract issue is resolved."). Further, the decision of whether to abate or dismiss the bad faith claim without prejudice is ultimately left to the sound discretion of the trial court. Vanguard Fire & Casualty Company v. Golmon, 955 So.2d 591, 595 (Fla. 1st DCA 2006)("[T]he trial court has authority to abate the statutory claims, rather than to dismiss them, if it appears to the court that abatement would be in the interest of judicial economy.").

Although the possibility of increased judicial economy is noted, this Court recognizes the trend of Florida courts in dismissing bad faith claims without prejudice rather than abating them. See Wells v. State Farm Mut. Auto. Ins. Co., No. 8:13-cv-2355-T-27AEP, 2014 WL 3819436 (M.D. Fla. Mar. 18,

2014)("The trend in Florida's appellate courts is to dismiss the bad faith claim without prejudice, rather than abate it, and the weight of authority from Florida's District Courts of Appeal and Supreme Court supports dismissal."). This Court takes the view that "abating the bad-faith claim, even if it may be in the interest of judicial economy, is not the proper route. Bringing a premature bad-faith claim is contrary to the Federal Rules of Civil Procedure. A plaintiff who has an as-yet unresolved claim for UM benefits is not 'entitled to relief' on its claim for bad-faith." <u>Bele v. 21st Century Centennial Ins. Co.</u>, No. 6:15-cv-526-Orl-40GJK, 2015 WL 5155214, at *2 (M.D. Fla. Sept. 1, 2015).

In addition, because federal courts are courts of limited jurisdiction, they are prevented from "adjudicating cases that are unripe or rest upon contingent future events that may not occur as anticipated, or indeed may not occur at all." <u>Keenan v. LM Gen. Ins. Co.</u>, No. 6:17-cv-1426, 2018 WL 565679, at *2 (M.D. Fla. Jan. 25, 2018). Considering the "case and controversy" requirement of Article III of the United States Constitution and other justiciability considerations, this Court dismisses the bad faith claim without prejudice.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant General American Life Insurance Company's Motion to Dismiss (Doc. # 16) is **GRANTED** to the extent that Count II of the Complaint is **DISMISSED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida on this 11th day of September, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE